Louis Shapiro and George Shapiro, Appellants, v. John Connor and Others, Copartners Doing Business under the Firm Name and Style of Connor Bros., and Thomas Connor Contracting Co., Inc., Respondents.— Action by infant and father to recover, respectively, for personal injuries and loss of services, etc., resulting from an automobile accident. Judgment in favor of the defendants, dismissing the plaintiffs' complaint, with costs, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Davis, Adel and Close, JJ.

Kathryn G. Treacy and Donald E. Treacy, as Administrators, etc., of Eleanor M. Treacy, Deceased, Respondents, v. F. W. Woolworth Co., Appellant.— In an action for negligence and breach of warranty, order denying motion to compel the plaintiffs to produce and discover and to give the defendant an inspection and permission to make photographs of a pair of eye-glasses alleged by the defendant in its affirmative defense to have highly inflammable rims and to be the cause of the accident, reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. In our opinion, the defendant, under the more liberal practice now approved, is entitled to the relief sought. The burden of establishing contributory negligence rests upon the defendant. If the eye-glass frames were composed of highly inflammable material as claimed by the defendant, and the fire originated with such frames rather than with the combs as claimed by the plaintiffs, the defendant should have an opportunity to present such facts to the jury. Without inspection and photographing, it will be unable to do so. (Treacy v. Woolworth Co., 248 App. Div. 640, 641; Reiss v. Kirkman & Son, Inc., 242 id. 77.) Lazansky, P. J., Johnston, Adel and Close, JJ., concur; Carswell, J., not voting. Settle order on notice.

Harry G. Werner, Respondent, v. Westchester Trust Company, in Liquidation under George W. Egbert, Superintendent of Banks of the State of New York, Mary E. Larkin and Thomas F. Larkin, Jr., Appellants, and Others, Defendants.— In an action to foreclose a tax lien upon real property which is the subject of a foreclosure action brought by a number of certificate owners, where the mortgage under foreclosure is owned by various certificate holders, some of the owners and holders of such certificates counterclaim and ask for judgment declaring that plaintiff holds the tax lien for the benefit of all the holders of certificates. A conspiracy by the receiver in the pending foreclosure action, who was a former certificate holder in the mortgage with his wife, who is a certificate holder, and several other certificate holders, to defeat the rights of other co-owners in the mortgage, is alleged. The defense and counterclaim raise a triable issue. Arena v. Orange (247 App. Div. 892), heretofore decided by this court, is readily distinguishable. There, the owner of the tax lien under foreclosure was an owner of a certificate, with no other relationship to the co-owners. Here, the owner of the tax lien is the son and alleged " dummy " of a former owner of a certificate who occupies the fiduciary relationship of receiver. Orders granting plaintiff's motions for judgment on the pleadings reversed on the law, with ten dollars costs and disbursements to appellants Larkin and also to appellant Westchester Trust Company, and motions denied, with ten dollars costs on each motion. Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur.

Herman Wyman, Respondent, v. Mary Marolda, Appellant. — In an action to recover damages for personal injuries sustained by a fall down a defective cellar stairway in a house occupied by several families and a store tenant, judgment in favor of the plaintiff, entered upon a verdict, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.